[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de THE PLAINTIFF'SMOTION FOR CONTEMPT (#128)
The plaintiff raises several issues in this motion for contempt.
I. Paragraph 3.4 of the separation agreement provides that the plaintiff is to participate in the net proceeds to be obtained upon the sale of certain horses in which the defendant had an interest. The plaintiff relies on the portion of the paragraph that states,
 ". . .notwithstanding the foregoing, HUSBAND shall pay to the WIFE, no later than December 31, 1994 at least $50,000, such payment to be credited to any payments due
to WIFE pursuant to the provisions of this Paragraph 3.4. . ." (Emphasis added by court.)
All phrases in the paragraph must be given effect. The $50,000 payment is not found to be unconditional. The court interprets the provision as requiring, as a condition precedent, that there are to be net proceeds. If there are not now nor never will be any net proceeds due to the defendant, then there is no need for the $50,000 to be paid for there is nothing to be credited. The defendant testified, without contradiction, that he was a silent partner. The majority partner died while in CT Page 1425 bankruptcy. There are no net proceeds. Therefore, the $50,000 is not payable to the plaintiff. No contempt is found on this issue.
II. Periodic alimony payments with arrearage installments together with insurance premiums are unpaid and are admitted to be unpaid by the defendant. The court incorporates the findings made in the ruling on motion (#128).
The defendant's failure to pay anything to the plaintiff, coupled with his understatement of income, convinces the court that the defendant has been in wilful contempt of the periodic orders.
The defendant is ordered to appear before the undersigned on March 2, 1998 at 9:30 a.m. for a hearing to determine the appropriate order to obtain compliance.
HARRIGAN, J.